UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSIE SAMUEL RUFUS BENFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:23-cv-999-JMB |
| S. STIMSON, | ) ) ) |
| Defendant. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Jessie Samuel Rufus Benford's application to proceed in the district court without prepaying fees or costs. ECF No. 2. Upon consideration of the financial information provided with the application, the Court finds plaintiff is financially unable to pay the filing fee. The Court will grant plaintiff's motion and waive the filing fee. Additionally, upon initial review of the complaint, the Court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and legal frivolity.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Self-represented plaintiff filed the instant action on the Court's 'Civil Complaint' form against defendant S. Stimson, a 'Referee' for the Missouri Division of Employment Security. ECF No. 1. In the jurisdictional section of the complaint, plaintiff asserts he is bringing this action pursuant to "Section 242 of Title 18 U.S.C." *Id.* at 3.

Plaintiff alleges defendant Stimson had a duty to "release unemployment benefits to plaintiff," but failed to do so when he "falsely ruled that [plaintiff] quit his job." *Id.* at 6. Attached to his complaint are eighty-one pages of documents, many of which relate to complaints plaintiff previously filed in this Court alleging the same set of facts.

For relief, plaintiff seeks $300,000 in compensatory damages, and $5,000,000 in punitive damages. *Id.* at 5-7.

**Background**

Plaintiff is a frequent filer in the United States District Court for the Eastern District of Missouri. Since 2000, he has 31 closed cases, most of which have been dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2). Pertinent here, plaintiff has filed a series of cases that all arise from the end of his employment as a truck driver with Schneider National Carriers, Inc. ("Schneider").

On March 21, 2019, plaintiff brought an employment discrimination case against Schneider pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). *See Benford v. Schneider Nat'l, Inc.*, Case No. 4:19-cv-550-MTS (E.D. Mo.). Plaintiff asserted he had been "deprived of [a] normal work environment" by his supervisor, Jack Filina. According to plaintiff, he was required to report to Filina for approval to work each day, but he was unable to contact him for approximately one week when Filina was on leave. When plaintiff ultimately made contact with Filina, he expressed the opinion that plaintiff was not committed to the job and terminated his employment. Plaintiff alleged that his discharge was because of his religious beliefs.

After initial review of the complaint under 28 U.S.C. § 1915, the Court dismissed the Title VII claims relating to race, color, and gender discrimination, as well as the hostile work environment and retaliation claims. The religious discrimination claim was allowed to proceed. On July 19, 2021, however, the Court granted Schneider's motion for summary judgment, because plaintiff had not supported his claim of religious discrimination and Schneider demonstrated plaintiff had failed to meet reasonable requirements for employment after failing to report to work on multiple occasions. Plaintiff filed a notice of appeal. The United States Court of

Appeals for the Eighth Circuit affirmed the Court's judgment on January 10, 2022. *Bedford v. Schneider Nat'l Carriers, Inc.*, No. 21-2717 (8th Cir. 2022).

Plaintiff continued to file cases arising from his termination from Schneider. In *Benford v. Missouri Court of Appeals Eastern District*, No. 4:22-cv-52-HEA (E.D. Mo Jan. 13, 2022), plaintiff alleged he had been discriminated against by the Missouri Court of Appeals when a ruling was made "claiming that [he] quit [his] job when [his] employer admitted to terminating [him] in federal court." On January 19, 2022, the District Court granted plaintiff's motion for leave to proceed *in forma pauperis* and reviewed his complaint under 28 U.S.C. § 1915. The District Court determined that plaintiff intended to sue the United States Court of Appeals for the Eighth Circuit, which had affirmed the dismissal of his employment discrimination complaint. The District Court dismissed the complaint without prejudice, as the Court of Appeals was entitled to sovereign immunity.

Next, in *Benford v. Missouri Division of Employment Security*, No. 4:22-cv-56-SRW (E.D. Mo. Jan. 13, 2022), plaintiff sued the Missouri Division of Employment Security, stating that he had been terminated from his employment with Schneider, but that Filina had lied by stating that plaintiff voluntarily quit. Following review under 28 U.S.C. § 1915, the Court dismissed plaintiff's complaint without prejudice, finding that Missouri Division of Employment Security is not a "person" for purposes of 42 U.S.C. § 1983, and that sovereign immunity barred his claim.

Then, in *Benford v. Labor and Industrial Relations Comm.*, No. 4:22-cv-58-SEP (E.D. Mo. Jan. 13, 2022), plaintiff sued the Labor and Industrial Relations Commission, asserting a violation of the First Amendment and Title VII. As with his other cases, plaintiff argued he had been fired from Schneider by Filina but that the Labor and Industrial Relations Commission falsely indicated that he had quit. On August 23, 2022, on review pursuant to 28 U.S.C. § 1915, the Court dismissed plaintiff's constitutional claim because the State of Missouri's Labor and Industrial Relations

- 4 -

Commission is not a "person" under 42 U.S.C. § 1983, and because the claim was barred by sovereign immunity. The Court also observed that plaintiff had failed to state a Title VII claim, as he had not presented any facts regarding workplace discrimination. Instead, the Court noted that plaintiff was "repackaging old claims and bringing them against different defendants."

This year plaintiff filed seven additional cases, all of which allege similar facts related to his employment and separation from Schneider. Two of these cases, including the instant action, are pending. The remainder of cases were dismissed on initial review for similar reasons as discussed above. *See Benford v. Cornejo, et al.*, No. 4:23-cv-252-PLC (E.D. Mo. Mar. 1, 2023); *Benford v. Dowd, et al.*, No. 4:23-cv-261-SRW (E.D. Mo. Mar. 1, 2023); *Benford v. Stimson*, No. 4:23-cv-263-SEP (E.D. Mo. Mar. 1, 2023); *Benford v. Dowd, et al.*, No. 4:23-cv-696-SRW (E.D. Mo. May 25, 2023); *Benford v. Stimson*, No. 4:23-cv-697-SEP (E.D. Mo. May 25, 2023).

### Discussion

Plaintiff is a self-represented litigant who has filed the instant civil action alleging defendant Referee Stimson's decision in an unemployment benefits case violated his constitutional rights. Because he is proceeding *in forma pauperis*, the Court has reviewed his complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the action is dismissed without prejudice.

**A. Claims under 18 U.S.C. § 242**

In the jurisdictional section of the Court's 'Civil Complaint' form, plaintiff asserts he is bringing this action pursuant to "Section 242 of Title 18 U.S.C." ECF No. 1 at 3. In his statement of claim, he cites to the same statute: "The damage caused by S. Stimson was severe emotional as well as financial damage, disrupting [plaintiff's] constitutional rights! (Title USC Section 242)." *Id.* at 6.

18 U.S.C. § 242 does not, however, provide a jurisdictional basis because it does not permit a private right of action. In other words, § 242 allows for prosecution by the United States not by its individual citizens. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242, and that the "statutes do not give rise to a civil action for damages"); *Brown v. Express Scripts*, 2018 WL 1295482, at *2 (E.D. Mo. 2018) (dismissing plaintiff's claim brought under 18 U.S.C. § 242 because plaintiff had no private right of action). Thus, the instant action fails to state a claim as it is brought pursuant to a criminal statute.

### B. Claims under 42 U.S.C. § 1983

Despite the fact that federal question jurisdiction does not rest on the foundation proposed by plaintiff, the Court notes that in citing 18 U.S.C. § 242, plaintiff alleges he was subject to a "deprivation of constitutional rights" by a state actor. Thus, it appears plaintiff may have also intended to bring this action pursuant to 42 U.S.C. § 1983, which is designed "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). A claim brought pursuant to § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015). However, even if plaintiff intended to bring this action pursuant to § 1983, it still fails to state a claim because defendant Stimson is immune from suit when acting in his role as Referee.

In order to allow judicial officers to exercise their vested authority and to act upon their own convictions, judges are provided with judicial immunity from suit. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial

immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) ("judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

A judge's immunity from 42 U.S.C. § 1983 actions bar a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc.*, 931 F.3d at 760 ("to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge"). Second, a judge does not have immunity when he takes judicial action in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Judicial immunity extends to judicial referees. *See Scheffler v. Trachy*, 821 Fed. Appx. 648, 652 n.8 (8th Cir. 2020) (Court of Appeals' "conclusion" regarding defendants' judicial immunity applied to referee, "because absolute judicial immunity extends to judicial referees"); and *Jackson v. Marek*, 2018 WL 3321577, at * 2 (D. Minn. 2018) (desirability of "freedom of judicial action applies equally to court-appointed referees and receivers, and brings them within the cloak of judicial immunity").

Therefore, Referee Stimson is entitled to judicial immunity for the decision he made in plaintiff's unemployment benefits case. Such immunity protects him in the exercise of his

authority in all but two narrow circumstances, neither of which is present here. There is no indication that Referee Stimson took a non-judicial action, nor is there any suggestion that he acted in the clear absence of jurisdiction. Rather, plaintiff simply alleges that the decision was wrong. Regardless of the correctness of the decision, judicial immunity protects Stimson in fulfilling his duties. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. Therefore, plaintiff's claim against Referee Stimson is dismissed.

The Court further notes that even if Referee Stimson was not protected by judicial immunity, plaintiff fails to state an individual capacity claim against him. Plaintiff's only allegation is that Stimson incorrectly determined that plaintiff quit work on Sunday, November 11, 2018. There is no support for the proposition that Referee Stimson's decision was wrong, but even if it was, plaintiff has not established that the decision implicated a constitutional right. *See Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016) ("To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States.").

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 3. The motion is denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of August, 2023.

                                                HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE